# In re Anonymous No. 107 D.B. 89

Disciplinary Board Docket no. 107 D.B. 89.

SCHILLER, *Member,* July 19, 1991—

## HISTORY OF PROCEEDINGS

On October 12, 1989, the Office of Disciplinary Counsel filed a petition for discipline against [   ] charging her with professional misconduct in violation of the Code of Professional Responsibility, 204 Pa. Code, ch. 81, and Rules of Professional Conduct. The five-count petition, composed of 16 individual cases, alleged that respondent's conduct constituted a pattern of neglect with resulting prejudice.

On December 5, 1989, respondent filed an answer to the petition for discipline. Respondent admitted her neglect in Charges II, III and V, but is of the opinion that no substantial prejudice resulted by her actions. Respondent denied violating any disciplinary rules with respect to Charges I and IV.

On March 6, 1990, the matter was referred to Hearing Committee [   ] which was chaired by [   ], Esq., and included members [   ], Esq., and [   ], Esq.

A hearing was held on September 7, 1990. The hearing committee filed its report recommending a private reprimand with a one-year probation on the condition that respondent discontinue acceptance of

criminal appeal appointments. The hearing committee concluded that Charges I and IV were prompted by the clients' own delay as well as respondent's neglect, resulting in no prejudice to the clients. In regard to Charges II, III and V, the hearing committee concluded that respondent failed to act with reasonable diligence and promptness.

On April 15, 1991, the Office of Disciplinary Counsel filed a brief on exceptions. Based on all five counts, petitioner recommended that respondent be suspended for the substantial period of time of at least one year and one day.

Respondent filed a brief in opposition to exceptions on April 30, 1991, recommending acceptance of the hearing committee's findings and recommendation of discipline.

The matter was adjudicated by the Disciplinary Board at its May 30, 1991, meeting.

## FINDINGS OF FACT

The board adopts and incorporates by reference herein the following findings of fact made by the hearing committee, which are amply supported by the evidence, testimony and stipulation of the parties.

(1) Petitioner, whose principal office is located at 300 North Second Street, Commerce Building, Third Floor, Harrisburg, Pennsylvania 17101, is vested, under Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rule.

(2) Respondent, [    ], Esq., obtained a bachelor's degree at [    ] University in 1960 and a *juris doctor-ate* from [    ] University Law School in 1963.

(3) Respondent was admitted to practice law in the Commonwealth of Pennsylvania on or about April 27, 1964. She maintained an office for the practice of law at [    ].

(4) From 1964 to 1965, respondent served as the assistant city solicitor of the city of [    ].

(5) From 1965 to 1967, respondent served as the attorney adviser for the U.S. Department of [    ].

(6) Respondent practiced as a trial attorney for two years and then, from 1969 to 1972, respondent was chief of the Frauds Divisions, [    ] District Attorney's Office.

(7) As a part-time faculty lecturer at [    ] University Law School from 1972 to 1982, respondent taught trial advocacy.

(8) From February 1972 to April 1982, respondent served as Assistant General Counsel of the [    ] Commission, [    ] Regional Litigation Center. There she headed the commission's litigation in the federal courts in 13 states as well as Puerto Rico and the Virgin Islands.

(9) From 1978 to the present, respondent has been a sole practitioner.

(10) Pursuant to the power granted by Rule 207, Pa.R.D.E., petitioner brings the following charges of professional misconduct in violation of the Rules of Professional Conduct:

## Charge I

(11) During or about February 1981, [A] retained respondent to file a complaint in divorce on behalf of himself against his wife, [B].

(12) On February 9, 1981, [A] paid a $500 retainer.

(13) Respondent sent letters to obtain a copy of her client's marriage license and received it in or about March 19, 1981.

(14) On or about May 19, 1981, respondent filed a no-fault divorce complaint in the Court of Common Pleas of [   ] County.

(15) From 1981 to 1982, respondent unsuccessfully attempted to work out a settlement, while she appeared in court for matters of custody, support and visitation.

(16) On January 26, 1983, respondent appeared for a hearing and negotiated a settlement with [B] (opposing party) and her attorney, [C]. Having prepared an affidavit of consent on January 31, 1983, respondent dispatched it for the opposing party's signature.

(17) By letter dated March 2, 1983, attorney [C] advised respondent that the opposing party refused the settlement of January 1983. Respondent immediately notified her client.

(18) In 1984, a second settlement agreement between respondent's client and the opposing party failed to materialize.

(19) On February 25, 1986, respondent wrote to attorney [C] in a final attempt to achieve an amicable settlement.

(20) Respondent's settlement offer was accepted on March 27, 1986.

(21) On March 28, 1986, attorney [C] sent respondent an affidavit of consent which was signed "[B]" but captioned "[B]." [Two different versions of B's name.] Knowing that this would not be accepted by the prothonotary, respondent immediately contacted the other attorney and requested that it be corrected.

(22) The Office of Disciplinary Counsel notified respondent on March 11, 1988, that a complaint was

filed against her by [A] due to respondent's failure to return his letters and phone calls.

(23) On April 15, 1988, respondent notified the client about the completion of his "no-fault" divorce papers. On November 10, 1988, [A] requested that they be forwarded.

(24) Between December 1988, and April 1990, respondent worked on securing both the proper signature on the opposing party's affidavit of consent and a copy of her former divorce decree. Upon receipt of the proper documents in 1990, a divorce decree was issued on April 26, 1990.

## Charge II

(25) On or about February 17, 1987, respondent was appointed to represent [D] in his appeal from a conviction and sentence to murder charge.

(26) On or about March 4, 1987, [D] filed a pro se appeal to the Superior Court of Pennsylvania docketed at no. [   ].

(27) On May 27, 1987, respondent's appearance was automatically entered of record in Superior Court by the filing of the appointment letter. The client's transcript and other documents were delivered.

(28) Respondent's failure to file a brief on behalf of her client on or before its due date of August 2, 1987, resulted in the case's dismissal.

(29) Respondent neither informed her client of the dismissal nor attempted to have the appeal reinstated.

(30) Respondent advised [D's] mother that she was going to petition the court in order to file a brief nunc pro tunc, but no subsequent action occurred.

(31) On March 11, 1988, respondent was notified by Office of Disciplinary Counsel of the complaint filed against her by the client's mother.

(32) Respondent returned the client file and a new attorney was appointed. His appeal is presently pending.

## Charge III

(33) On December 11, 1986, respondent's appearance was automatically entered in the Superior Court when she was appointed to represent [E].

(34) Respondent's failure to file a brief on behalf of her client on or before its due date of January 18, 1987, resulted in the case's dismissal on February 24, 1987.

(35) Respondent neither informed her client of the dismissal nor attempted to have the appeal reinstated.

(36) On April 29, 1988, respondent was notified by Office of Disciplinary Counsel of the complaint filed against her by [E].

(37) Respondent advised her client she would file an appeal nunc pro tunc, but took no steps to accomplish this.

(38) Respondent concluded there were no arguable issues, that is, no meritorious ground for appeal, yet she failed to file an "Anders brief."

(39) During July 1988, the Superior Court appointed a new attorney. The Superior Court affirmed the lower court's order denying relief under PCHA on January 17, 1989 and allocatur was denied on June 19, 1989.

## Charge IV

(40) On June 11, 1987, [F], an [ ] specialist, met with respondent to discuss his discrimination claim against the [ ] Center in [ ]. [F] was handicapped and wished to receive a parking spot near the door of his place of employment.

(41) The client signed medical authorization forms and on August 20, 1987, respondent was furnished with the client's medical records from mid-December 1986 to March 1987.

(42) On February 16, 1988, Office of Disciplinary Counsel notified respondent of a complaint filed against her by her client since she failed to return his file after respondent was discharged.

(43) The complaint was dropped on or about March 14, 1988.

(44) In May and June 1988, respondent negotiated a tentative oral settlement with the [ ] Department. After informing Judge [G], the June 14, 1988, meeting was canceled.

(45) On or about June 13, 1988, respondent received the [ ]'s draft settlement agreement, but it failed to contain all of the orally agreed upon elements.

(46) Judge [G] remanded [F's] complaint on July 18, 1988, but respondent failed to proceed.

(47) On or about August 11, 1988, the [ ] canceled the formal complaint of discrimination and the client discharged respondent.

(48) Respondent returned the client's file on August 20, 1989, but failed to return the $2,500 retainer.

(49) On June 5, 1989, Office of Disciplinary Counsel advised respondent that the claim was a fee dispute and not within its jurisdiction.

(50) After a variety of measures, the client has presently filed an appeal in the Court of Common Pleas of [ ] County.

## Charge V

(51) Between or about October 1985 to December 1988, respondent was attorney of record representing the appellant in the appeal to Superior Court in at least 12 cases.

(52) Eleven of these 12 cases were criminal appeal appointments to the Superior Court.

(53) Respondent was granted additional time to file a brief in six of the 11 criminal cases, yet she failed to file a brief resulting in the dismissal of all 11 cases.

(54) In the civil case, Office of Disciplinary Counsel withdrew the allegations against respondent since insufficient facts caused the client to drop the appeal.

(55) In the 11 dismissed criminal cases, respondent has failed to take any subsequent action to have the clients' direct appeals reinstated.

(56) After reviewing the file and transcripts in each of the 11 criminal appeal cases, respondent concluded that there were no arguable issues, that is, no meritorious grounds for appeal in any of those cases. She failed to file an "Anders brief" with the Superior Court stating that conclusion.

(57) With the exception of one of the 11 criminal appeal cases, all were returned by the Superior Court to the Post Conviction Hearing Act unit in the [ ] Court of Common Pleas and a new attorney was appointed to pursue the post-conviction and appellate rights of the convicted criminal defendants. In the 11 cases, a new attorney is in the process of being appointed.

## CONCLUSIONS OF LAW

Respondent's aforementioned conduct is in violation of the following Rules of Professional Conduct:

(1) D.R. 1-102(A)(5)—which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice:

(2) D.R. 6-101(A)(3)—which prohibits an attorney from neglecting legal matters entrusted to her;

(3) RPC 1.3—which prohibits an attorney from failing to act with diligence and promptness in representing her clients; and

(4) RPC 2.2—which prohibits an attorney from failing to expedite litigation consistent with the interests of her clients.

## DISCUSSION

The matter presently before the board involves respondent's negligent representation of clients. The parties have entered into an intensive stipulation of facts which support a determination that respondent's conduct constituted a violation of both the Code of Professional Responsibility and Rules of Professional Conduct. The board concurs with the hearing committee in concluding that respondent's neglectful conduct was not the only reason for the untimely case conclusions in Charges I and IV. Dismissal is the appropriate action for these charges. Therefore, the sole issue before the board is to determine the proper disciplinary sanction for Charges II, III, and V.

The primary function of the disciplinary system is to determine the fitness of an attorney to practice law. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). In cases where neglect is alleged, a client must experience a loss before the board has jurisdiction to take action. *In re Anonymous No. 24 D.B. 80,* 20 D.&C. 3d 214 (1981). Without an actual loss, the remedy afforded to the client is to seek other counsel. *Id.*

## A. *Charges for Dismissal*

### *Charge I*

In 1981, respondent received a $500 retainer for the representation of [A] in a divorce proceeding. However, in order to complete the divorce proceeding, respondent requested her client to furnish two additional documents. First, having acquired the improperly executed affidavit of consent in 1986, respondent notified opposing counsel. Four years later in 1990, the corrected affidavit of consent was issued. The second document, opposing party's former divorce decree, was also issued in 1990, following respondent's repeated phone calls and a letter on March 27, 1988.

The board recommends dismissal of Charge I since respondent lacked the proper documents to proceed with the divorce until 1990. Once they were in her possession, respondent proceeded promptly and with due diligence in acquiring her client's divorce on April 26, 1990.

### *Charge IV*

On June 11, 1987, [F], a handicapped minority person, retained respondent to pursue a discrimination claim against the [ ] Center in [ ]. In June 1988, respondent advised the client that an oral agreement had been reached with the defendant, but additional information was needed since the medical records were insufficient. The client failed to furnish the necessary medical documentation. Furthermore, without respondent's knowledge, the client initiated several phone calls, such as to the commissioner. Then in August 1988, the client discharged respondent and retained another attorney.

The board recommends dismissal of Charge IV since the client attempted to handle his own case and failed to furnish respondent with necessary medical data. This lack of cooperation frustrated respondent's ability to further the client's claim. Suffering neither loss nor prejudice in this action, the client retained another attorney who achieved all of his demands.

## B. *Charges for Sanctions*

### *Charges II, III and V*

Between 1985 and 1988, respondent was appointed to represent 13 clients in criminal appeals and one civil client; however, the civil case was abandoned because of insufficient facts. It is admitted that respondent was negligent in not filing briefs in the 13 criminal cases. Failure to file briefs sprung from her good-faith belief that there were no arguable issues, that is, no meritorious grounds for an appeal in each of the cases.

The board concludes that respondent shall be disciplined for her pattern of neglect in regard to Charges II, III and V, but that mitigating circumstances be taken into account in choosing the sanction to be imposed.

## C. *Recommended Discipline*

The Supreme Court of Pennsylvania has held that the disciplinary system must uphold the public's confidence in both the legal system and the judicial system. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). Sanctions are issued based on an attorney's misconduct and "to what extent that misconduct indicates unfitness to prac-

tice law." *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). When a pattern of neglect is evident as in the instant case, a review of the following factors is essential:

"(1) [T]he number of instances of neglect, . . .

"(2) the harm and/or loss resulting to the client,

"(3) the mitigating factors, if any,

"(4) any good faith attempts to avoid such repetitions of neglect in the future, and

"(5) the existence of any other past and/or present violations of the Disciplinary Board Rules by the respondent." *In re Anonymous No. 24 D.B. 80,* 20 D.&C. 3d 214 (1981).

Respondent practiced law for over 25 years with absolutely no disciplinary violations. Her devotion to the legal profession and her skills are unquestionable as evidenced by the many positions of great esteem which respondent has been engaged in over the years. These positions include: assistant city solicitor in [ ], attorney adviser for the U.S. Department of [ ], chief of the Frauds Division in the [ ] District Attorney's Office, lecturer at [ ] University Law School, and assistant general counsel of the [ ] Commission. The level of responsibility each requires, portrays respondent's competence in performing her legal duties.

In addition to her spotless record, respondent argues that she was suffering from a diagnosed mental illness, as well as personal problems during the period in which the neglect occurred. In the 1980s respondent confronted enormous personal pressures, such as the care of her aging father and the mental deterioration of her brother. Continually increasing depression overcame her. She sought psychiatric help in 1988 and 1989 and those doctors have testified on her behalf. It has been held by the Supreme Court of Pennsylvania that a psychiatric

illness which has caused professional misconduct may be considered in mitigation of discipline. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989).

A review of Pennsylvania case law with situations similar to the instant case, suggests that a private reprimand is the appropriate sanction for cases of neglect where there is no fraud, deceit or misrepresentation. *In re Anonymous No. 45 D.B. 80,* 20 D.&C. 3d 349 (1981). This is especially true when a respondent has suffered from either personal problems or psychiatric problems or both. See *In re Anonymous No. 45 D.B. 80,* 20 D.&C. 3d 349 (1981) and *In re Anonymous No. 1 D.B. 85,* 37 D.&C. 3d 556 (1985). A greater sanction is imposed when there is a prior record of informal admonitions and private reprimands which have not corrected the pattern of neglect. *In re Anonymous No. 66 D.B. 82,* 26 D.&C. 3d 515 (1983). Also, sanctions greater than a private reprimand have been ordered when mitigating circumstances are absent or when the respondent has made an active misrepresentation. *In re Anonymous No. 66 D.B. 82,* 26 D.&C. 3d 515 (1983) and *In re Anonymous No. 7 D.B. 86 and 22 D.B. 87,* 49 D.&C. 3d 165 (1988).

Charges II, III and V involved criminal appeal appointments. Respondent was neither deceitful nor fraudulent in any of these charges. In fact, respondent was painfully honest to her own detriment in not pursuing claims for which she had a good-faith belief that there were no grounds for appeal. Furthermore, no misrepresentations were made to these clients who were absolutely devoid of prejudice to their cases. Despite the neglect, they all obtained other counsel who furthered their claims.

Without existing fraud, deceit, or misrepresentation, the board recommends a private reprimand as

the proper discipline since this was respondent's first disciplinary violation in over 25 years of practice and mitigating circumstances dealing with mental illness and personal problems existed. In conclusion, respondent has agreed not to accept any more criminal appeal appointments in an attempt to avoid repetitions of neglect in the future.

## DETERMINATION

The Disciplinary Board of the Supreme Court of Pennsylvania determines that the respondent, [    ] shall receive a private reprimand. The expenses incurred in the investigation and prosecution of this matter are to be paid by respondent.

Messrs. Eckell, Leonard and Sloane did not participate in the adjudication.

## ORDER

And now, July 19, 1991, upon consideration of the report and recommendation of Hearing Committee [    ] filed March 27, 1991; it is hereby ordered that the said [respondent] of [    ] be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by respondent.